UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAINT JERMAINE ENDELEY,

               Plaintiff,

    -against-

HERITAGE ENERGY OPERATIONAL
SERVICES LIMITED,

               Defendant.

25-CV-5591 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

      Plaintiff, who resides in Staten Island, New York, filed this complaint *pro se* under the Court's federal question jurisdiction and diversity of citizenship jurisdiction. He asserts claims of "environmental damages" arising from events occurring in Nigeria, under the "New York Convention 1958" and the Uniform Commercial Code. (ECF No. 1 at 1.) By Order dated September 23, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 8.) For the reasons set forth below, the Court dismisses the complaint without prejudice for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.

2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

**BACKGROUND**

The following facts are drawn from the complaint,[1] in connection with events allegedly occurring between October 29, 2024, and November 8, 2024. (ECF No. 1 at 2.) Plaintiff alleges that Defendant Heritage Energy Operational Services Limited ("HEOSL") has been engaged in the exploration and production of mineral resources in connection with an "oil mining lease" located in "Sagbama Local Government Area in Bayelsa State Nigeria." (*Id.* at 1.) He claims that Defendant "engaged in the unlawful discharge of pollutants, contamination of property, and negligent handling of hazardous waste," causing "significant flood water damages to the land and the host communities." (*Id.*) Plaintiff seeks to "recover for property damage, personal injury, diminution in property value, costs of remediation, loss of use and enjoyment of property, punitive damages caused by the defendant(s)' actions." (*Id.*) Attached to the complaint are documents from agencies affiliated with the United Nations discussing the environmental issues affecting this area in Nigeria. (ECF Nos. 1-1 and 1-2.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

2

Plaintiff asserts violations of federal environmental statutes, including the Clean Water Act, the Resource Conservation and Recovery Act, and the Petroleum Industry Act of 2021, and state-law claims of negligence, "nuisance (private/public)," trespass, and "strict liability." (*Id.* at 5-7.) He seeks money damages for "property damages"; "natural resource damages"; and "other damages." (*Id.* at 7.)

Also pending in this matter are Plaintiff's motions for *pro bono* counsel, to expedite the proceedings, and for a "remote civil trial." (ECF Nos. 4-6.)

## DISCUSSION

Article III, Section 2, of the United States Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "[T]he threshold question in every federal case" is "[w]hether the plaintiff has made out a 'case or controversy' between himself and the defendant"–that is, does plaintiff have "standing" to sue the defendant. *Id.* (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)). Importantly, "[i]f plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Mahon,* 683 F.3d at 62 (quoting *Cent. States Se. & Sw. Areas Health &Welfare Fund v. Merck-Medco Managed Care, L.L.C.,* 433 F.3d 181, 198 (2d Cir. 2005)).

To demonstrate standing, a plaintiff must show that: (1) he has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party or parties bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

3

Plaintiff lacks standing because he has not demonstrated that he, a resident of Staten Island, New York, has personally suffered some actual or threatened injury as a result of Defendant's alleged illegal conduct in Nigeria. Moreover, Plaintiff's assertions lack factual support showing that Defendant caused him to suffer an actual injury that is redressable by a federal court. The Court therefore dismisses Plaintiff's claims for lack of subject matter jurisdiction. *See Mahon*, 683 F.3d at 62 ("If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." (citation omitted)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## LITIGATION HISTORY AND WARNING

Plaintiff has filed prior complaints IFP that were dismissed as frivolous, for failure to state a claim, or for lack of subject matter jurisdiction; after Plaintiff failed to heed warnings against filing complaints against New York University ("NYU"), Chief Judge Swain barred him from filing new IFP actions against NYU, under 28 U.S.C. § 1651, without prior leave of court. *See Endeley v. NYU*, No. 25-CV-4889 (LTS) (S.D.N.Y. October 27, 2025) (issuing bar order, after Plaintiff failed to respond to order directing him to show cause why such a filing injunction should not be imposed). Plaintiff is warned that, if he persists in filing IFP complaints that lack merit or over which the court lacks subject matter jurisdiction, he may be ordered to show cause why he should not be barred from filing any future IFP complaints against any defendant without prior leave of court.

## CONCLUSION

The Court dismisses Plaintiff's claims without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court denies all pending motions as moot, and the Clerk of Court is directed to terminate them. (ECF Nos. 4-6.)

Plaintiff is warned that if he persists in filing IFP complaints that lack merit or over which the court lacks subject matter jurisdiction, he may be ordered to show cause why he should not be barred from filing any future IFP complaints against any defendant without prior leave of court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:   November 10, 2025
         New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge